The Norfolk and New Brunswick Hosiery Company Appellant, *v.* Anna M. Arnold, Respondent.

The complaint in this action contained two causes of action, one for fraud in the sale of certain chattels and the other for damages for breach of warranty on such sale.    Upon said complaint and an affidavit, plaintiff procured an attachment which stated that it was granted upon both causes of action.    Defendant obtained an order vacating the attachment upon the papers on which it was granted and after hearing both parties.    Thereafter defendant served a demurrer to the complaint which set up an improper joinder of causes of action.    Plaintiff appealed from the order dismissing the attachment, and two days after served an amended complaint, omitting the cause of action for breach of warranty. Thereupon defendant moved to dismiss the appeal from the order vacating the attachment upon the ground that by so abandoning one of the original causes of action, plaintiff waived his right to the attachment; the motion was granted.    *Held,* error; that by serving the amended complaint plaintiff did not waive its right to prosecute its appeal; that the withdrawal of the cause of action for breach of warranty could only

be availed of by a new motion to vacate, in case plaintiff's appeal from the present order is sustained.

(Argued March 14, 1892; decided March 25, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 15, 1891, which granted a motion dismissing an appeal from an order vacating a warrant of attachment.

The facts, so far as material, are stated in the opinion.

*Walter D. Edmonds* for appellant. It was error to dismiss the appeal, because the order vacating the attachment was properly appealable to the General Term. (*Yates* v. *North,* 44 N. Y. 271; *Achelis* v. *Kulman,* 60 How. Pr. 491.) The amendment of the complaint was not a waiver of the appeal to the General Term. (*Peart* v. *Peart,* 48 Hun, 78; *Van Alstyne* v. *Ermine,* 18 N. Y. 33; *H. F. Ins. Co.* v. *Tomlinson,* 58 id. 215; *Jemison* v. *C. S. Bank,* 85 id. 546.)

*Geo. E. Blackwell* for respondent. The position taken by the service of the amended pleading is inconsistent with the right to the warrant granted on the original pleading, and is a waiver of that right, and accordingly a waiver of the appeal from the order vacating the warrant. (*Prescott* v. *Tousey,* 17 Wkly. Dig. 58; *Sands* v. *Calkins,* 30 How. Pr. 1; *E. M. Co.* v. *Campbell,* 13 Abb. Pr. 92; *S. C. Bank* v. *Garlinghouse,* 4 How. Pr. 174; *Lambert* v. *Snow,* 17 id. 517; *McGovern* v. *Payn,* 32 Barb. 83.) If a party seeks by an appeal to reverse the order of the court, he must, in case he succeeds, leave the adverse party in the same position that he occupied when the order appealed from was made, and if by any affirmative act of his the position of the adverse party has been changed, he cannot insist upon an appeal from the order previously made. (Baylies on New Tr. & App. 22; *Grunberg* v. *Blumenlahl,* 66 How. Pr. 62.)

O'BRIEN, J. The complaint in this case contained two causes of action, one for fraud in the sale of one hundred sewing machines, for which the plaintiff paid the defendant sixteen thousand dollars, and the other for damages in the sum of

sixteen thousand dollars for breach of warranty in the sale of the same machines. Upon the complaint, an affidavit and undertaking, the plaintiff procured an attachment against the property of the defendant. It is stated in the warrant that it was granted upon both causes of action stated in the complaint. Afterwards the defendant moved to vacate the attachment upon the papers on which it was granted, and on the 25th of September, 1891, at Special Term, after hearing the parties, the court granted the motion and made an order vacating the attachment. Three days afterwards, on the 28th of September, 1891, the defendant served a demurrer to the complaint, in which it was stated, among other grounds, that causes of action were improperly united. On the 17th of October, 1891, the plaintiff, apparently recognizing the question raised by the demurrer, served an amended complaint. The amendment consisted in dropping out entirely the cause of action for damages by reason of a breach of warranty. The cause of action based upon fraud in the sale of the machines, as stated in the original complaint, was retained. But in the meantime, two days before the service of the amended complaint, and on the 15th of October, 1891, the plaintiff duly appealed to the General Term from the order of the Special Term vacating the attachment. It is not alleged that there was any delay or failure on the part of the plaintiff to perfect and prosecute this appeal. The defendant, a few days after the service of the amended complaint, upon an affidavit showing the various proceedings had in the case, as above stated, moved at the General Term to dismiss the plaintiff's appeal from the order vacating the attachment, and that court granted the motion and dismissed the appeal. There is nothing in the record to show upon what ground or for what reason the General Term dismissed the appeal, but it is to be inferred from the argument here that it was dismissed upon the ground that the plaintiff, by serving an amended complaint, in which one of the original causes of action was abandoned, waived his right to an attachment, and to further prosecute the appeal from the order vacating it. At all events, that seems to be

the ground upon which the defendant now seeks to uphold in this court the order of the General Term dismissing the appeal. It cannot be denied that the appeal of the plaintiff from the order of the Special Term vacating the attachment was in all respects regular. The plaintiff had the right, when the appeal was made, to have the question decided by the order reviewed in the General Term. That question was whether, upon the papers which were before the Special Term, that court committed any error in vacating the attachment. Subsequent to the appeal the plaintiff did nothing to waive it, unless it can be said that the service of the amended complaint, in response to the defendant's demurrer, had that effect. The order appealed from certainly did not grant any favor to the plaintiff, and it has not acquiesced in or derived any benefit or advantage therefrom. In serving the amended complaint, the plaintiff did not waive its right to prosecute the appeal. That act was but a regular and proper step in the course of procedure, and in strict compliance with the rules of practice. It may be said that the plaintiff has withdrawn from the record a part of the case upon which the attachment was issued, but the only way that the defendant can take advantage of that is by a new motion to vacate on the amended complaint, in case the plaintiff's appeal from the present order is sustained. Then the question will arise whether the plaintiff, by amending the complaint, has impaired its right to the attachment. The effect of such an amendment cannot be determined on a motion to dismiss an appeal regularly taken from an order previously made, and which must stand or fall upon the case as it then appeared. We are unable to discover any ground for holding that the plaintiff waived the right to prosecute the appeal, or that could warrant the court in dismissing it. The plaintiff was entitled to have it heard and decided upon the merits.

The order appealed from should, therefore, be reversed and motion to dismiss denied, with costs in this court and $10 costs of motion.

All concur, except Gray, J., dissenting.

Order reversed.